Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Cindy Chan (SBN 247495)
cchan@blakelylawgroup.com
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038-2401
Telephone: (323) 464-7400
Facsimile: (323) 464-7410

*Attorneys for Plaintiff*
*Coach Services, Inc.*

FILED
JUL - 7 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [illegible] DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

COACH SERVICES, INC., a Maryland Corporation,

Plaintiff,

vs.

ELVA'S PERFUMES aka PERFUMES AND ESTUCHES ORIGINALES, an unknown business entity; ELVA SALIDO, an individual; ROBERT FRANCIS, an individual; ALMA ESTRADA, an individual; FRANCISCO VILLA-LOZANO, an individual; and DOES 1-10, inclusive,

Defendants.

CASE NO. '08 CV 1231 JLS JMA

***COMPLAINT FOR DAMAGES:***

1. ***TRADEMARK INFRINGEMENT (15 U.S.C. §1114);***
2. ***FALSE OR MISLEADING DESCRIPTIONS AND REPRESENTATIONS, AND DILUTION (15 U.S.C. §1125);***
3. ***COMMON LAW UNFAIR COMPETITION;***
4. ***INJURY TO BUSINESS REPUTATION; DILUTION; (Cal. Bus. & Prof. Code §14330)***
5. ***UNJUST ENRICHMENT***

***JURY TRIAL DEMANDED***

Plaintiff Coach Services, Inc., ("Coach" or "Plaintiff") for the claims against Defendants Elva's Perfumes aka Perfumes and Estuches Originales (hereinafter "Elva's Perfumes"), Elva Salido, Robert Francis, Alma Estrada, and Francisco Villa-Lozano (hereinafter, collectively, "Defendants"), and DOES 1-10, inclusive, respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff filed this action against Defendants for trademark counterfeiting and infringement, and trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act") and related claims of unfair competition and trademark dilution under the statutory and common law of the State of California. This Court has subject matter jurisdiction over the Federal trademark counterfeiting and infringement and trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

2. This Court has personal jurisdiction over Defendants because Defendants are business entities organized and existing under the laws of the state of California, and/or reside in the State of California, and/or do business within the state of California.

3. This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

4. Plaintiff Coach is a corporation organized and existing under the laws of the State of Maryland, with an office and principal place of business in New York, New York.

5. Upon information and belief, Defendant Elva's Perfumes is an unknown business entity with a place of business at 121 Hacienda Drive, Calexico, California 92231.

BLAKELY LAW GROUP
915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401
TLJ

6. Upon information and belief, Defendant Elva Salido is an individual residing at 2112 Victoria Drive, Calexico, California 92231.

7. Upon information and belief, Defendant Robert Francis is an individual residing at 28 Stone Calf Court, Heber, California 92249.

8. Upon information and belief, Defendant Alma Estrada is an individual residing in California and doing business at Los Palmas Swap Meet, 1135 Ollie Avenue, Calexico, California 92231.

9. Upon information and belief, Defendant Francisco Villa-Lozano is an individual residing in California and doing business at Los Palmas Swap Meet, 1135 Ollie Avenue, Calexico, California 92231.

10. Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiff will seek leave to amend its complaint when their true names and capacities are ascertained. Plaintiff is informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

11. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that Defendants and DOES 1 through 10, inclusive, had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 through 10, inclusive, failed and/or refused to perform.

///

BLAKELY LAW GROUP
915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401
TLJ

BLAKELY LAW GROUP
915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401
TLJ

## NATURE OF ACTION

12. Plaintiff seeks injunctive relief, damages and a declaratory judgment based upon Defendants' unfair competition with Plaintiff arising from Defendants' infringement and dilution of Plaintiff's trademarks. Defendants' infringement has impacted both upon Plaintiff's rights directly as well as Plaintiff's ability to maintain consumer satisfaction. In this regard, it is noteworthy that most, if not all, of the infringing items below were presented in a confusingly deceptive manner, they are of obvious inferior quality when compared to authentic products of Plaintiff's trademarks, and they are priced in such a way that the implication to the buying public is that these items are indeed genuine.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. COACH's Family of Trademarks, Logos and Designs

13. Coach was founded more than sixty years ago as a family-run workshop in a Manhattan loft. Since that time, Coach has been engaged in the manufacture, marketing, and sale of fine leather and mixed material products including handbags, wallets, travel cases, briefcases, planners and diaries, leather goods, watches, eyewear, footwear, apparel, and accessories.

14. Coach is the worldwide owner of the trademark "COACH" and various composite trademarks and assorted design components ("Coach Trademarks"). Coach trademarks include but are not limited to the following marks:

///

///

///

///

///

///

///

///

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| COACH | 751,493<br>1,071,000<br>2,088,706<br>3,157,972<br>3,354,448 | 6/25/63<br>8/9/77<br>8/19/97<br>10/17/06<br>12/11/07 |
| COACH<br>"Coach and Lozenge Design" | 1,070,999<br>1,309,779<br>2,045,676 | 8/8/77<br>12/18/84<br>3/18/97 |
| "CC Design" | 2,626,565 | 9/24/02 |
| COACH est. 1941 COACH est. 1941<br>"Coach Est. 1941 Circle Design" | 3,251,315 | 6/12/07 |

15. Coach has long been manufacturing and selling in interstate commerce high quality leather and mixed material products under the Coach Trademarks. These registrations are valid, subsisting and are incontestable. Through longstanding use, advertising and registration, the Coach Trademarks have achieved a high degree of consumer recognition and constitute famous marks.

/ / /

BLAKELY LAW GROUP
915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401
TLJ

16. Coach and its predecessors have continuously used the Coach Trademarks in interstate commerce in connection with the sale, distribution, promotion, and advertising of its goods for four decades.

17. Coach has used the CC Design in association with the sale of handbags and other leather and/or mixed material goods since as early as 2001.

18. Coach and its predecessors have achieved sales volumes of over two billion dollars annually from goods bearing the Coach Trademarks. As such, the Coach Trademarks and the goodwill associated therewith are valuable assets of Coach.

19. Coach and its predecessors have expended over a hundred million dollars in advertising, promoting, and marketing goods featuring the Coach Trademarks.

20. Due to Coach and its predecessors' long use, extensive sales and significant advertising and promotional activities, the Coach Trademarks have achieved widespread acceptance and recognition among the consuming public and the trade throughout the United States. The arbitrary and distinctive Coach Trademarks identify Coach as the source/origin of the goods on which it appears.

**B. <u>Defendants' Infringing Use of the Coach Trademarks</u>**

21. This lawsuit concerns infringement upon Coach Trademarks by each of the Defendants. Each Defendant, with one product or more, violated Plaintiff's rights in and to one or more of its trademarks.

22. Upon information and belief, Defendants are distributing, advertising, promoting, selling and/or offering for sale handbags and leather goods bearing counterfeit reproductions of the Coach Trademarks.

23. On or about December 7, 2007, Plaintiff's investigators traveled to Elva's Perfumes located at 121 Hacienda Drive in the city of Calexico, California, to investigate the sale of counterfeit Coach-branded handbags. Elva Salido, the owner of Elva's Perfumes, surrendered various counterfeit products to Plaintiff's

BLAKELY LAW GROUP
915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401
TLJ

investigators, including counterfeit Coach-branded purses, wallets and small bags.

24. On or about June 11, 2008, Plaintiff's investigators, with two special agents from the U.S. Immigration and Customs Enforcement Branch of the Department of Homeland Security ("ICE"), once again traveled to Elva's Perfumes. The ICE agents made a plain-view seizure of various counterfeit products, including counterfeit Coach-branded bags, wallets, bracelets, solid bracelets, earrings, hair clips, hats, key chains, necklaces, and scarves.

25. On or about June 11, 2008, after the ICE agents had completed their inventory at Elva's Perfumes, the daughter of Elva Salido informed the ICE agents that Elva Salido purchased counterfeits from Alma Estrada and Robert Francis.

26. Previously, on October 17, 2007, Plaintiff's investigators, with members of the Calexico Police Department, the ICE, and the U.S. Customs Border Patrol, traveled to the Los Palmas Swap Meet, located at 1135 Ollie Avenue in the city of Calexico, California in order to seize counterfeit merchandise. Francisco Villa, after stating that he was the owner of the location, and his wife, Alma Estrada, surrendered counterfeit Coach-branded merchandise from Defendants.

27. Further on October 17, 2007, Plaintiff's investigators, with members of the Calexico Police Department, the ICE, and the U.S. Customs Border Patrol, traveled to Portico self Storage, 2420 Enterprise Road in the city of Calexico, California and discovered a storage container and Budget Truck rented by Robert Francis. After inventory of the merchandise contained in the truck and storage container was completed, counterfeit Coach-branded merchandise was discovered amongst the other counterfeits.

28. Finally, on October 17, 2007, Plaintiff's investigators, with members of the Calexico Police Department, the ICE, and the U.S. Customs Border Patrol, traveled to 2253 Cross Road in the city of El Centro, California, the location of Francisco Villa's wholesale operation, and obtained a voluntary surrender of additional counterfeit Coach-branded merchandise.

BLAKELY LAW GROUP
915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401
TLJ

29. In total, the inventory of counterfeit Coach-branded merchandise seized and/or surrendered on October 17, 2007, included counterfeit Coach-branded belts, hats, key chains, purses, sunglasses, wallets, and watches.

30. Plaintiff's representatives reviewed samples of the counterfeits seized and/or surrendered, and have confirmed that Defendants are not authorized to distribute, promote, advertise, sell, and/or offer to sell any products bearing reproductions of the Coach Trademarks.

**FIRST CLAIM FOR RELIEF**

**(Trademark Infringement Under the Lanham Act)**

31. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

32. Plaintiff's Coach Trademarks are nationally recognized, including within the Southern District of California, as being affixed to goods and merchandise of the highest quality and coming from Coach.

33. The registrations embodying the Coach Trademarks are in full force and effect and Plaintiff has authorized responsible manufacturers and vendors to sell merchandise with these marks.

34. Defendants' unauthorized use of Plaintiff's trademarks on inferior quality merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods and are of the same quality as that assured by the Coach Trademarks.

35. Defendants' use of the Plaintiff's trademarks is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademarks.

36. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has

BLAKELY LAW GROUP
915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401
TLJ

produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

37. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with Plaintiff's trademarks.

38. Defendants' acts violate the Lanham Act.

39. As a direct and proximate result of Defendants' willful and/or unlawful conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing Plaintiff's Trademarks.

40. Plaintiff has no adequate remedy at law.

41. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the Coach Trademarks for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a) and treble damages pursuant to 15 U.S.C. § 1117(b).

BLAKELY LAW GROUP
915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401
TLJ

## SECOND CLAIM FOR RELIEF

**(False Designations of Origin, False Descriptions, and Dilution)**

42. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

43. Plaintiff's Coach Trademarks are "famous" within the meaning of the Lanham Act.

44. On information and belief, Defendants have used in commerce in connection with the sale of its products counterfeit reproductions of Plaintiff's trademarks, which is likely to cause, and most likely has caused, confusion or

mistake as to the affiliation, connection, or association between Defendants and Plaintiff, or as to the origin, sponsorship, or approval of said counterfeit goods by Plaintiff.

45. Defendants' acts described above have diluted and continue to dilute Plaintiff's unique and distinctive trademarks. These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, as well as irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's trademarks.

46. Upon information and belief, Defendants' unlawful actions began long after Plaintiff's Coach Trademarks became famous.

47. Upon information and belief, Defendants acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's Coach Trademarks. Defendants' conduct is willful, wanton and egregious..

48. Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

49. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using Plaintiff's trademarks, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

**<u>THIRD CLAIM FOR RELIEF</u>**

**(Common Law Unfair Competition)**

50. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

///

BLAKELY LAW GROUP
915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401
TLJ

51. Plaintiff owns and enjoys common law trademark rights in California and throughout the United States.

52. Defendants' unlawful acts in appropriating rights in Plaintiff's common law trademarks were intended to capitalize on Plaintiff's goodwill for Defendants' own pecuniary gain. Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of Marks. As a result of Plaintiff's efforts, Defendants are now unjustly enriched and are benefitting from property rights that rightfully belong to Plaintiff.

53. Defendants' unauthorized use of Plaintiff's Coach Trademarks have caused and is likely to cause confusion as to the source of Defendants' clothing, all to the detriment of Plaintiff.

54. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

55. Defendants' acts constitute unfair competition under California common law.

56. Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

57. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter Defendants from similar conduct in the future.

58. Plaintiff has no adequate remedy at law.

59. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using Plaintiff's Coach Trademarks, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their

BLAKELY LAW GROUP
915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401
TLJ

infringing acts alleged above in an amount not yet known, and the costs of this action.

**FOURTH CLAIM FOR RELIEF**

**(Violation of California's Anti-Dilution Statute, California Business and Professions Code Section 14330)**

60. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

61. Plaintiff's Coach Trademarks are distinctive marks in the State of California by virtue of their substantial inherent and acquired distinctiveness, extensive use in the State of California and the extensive advertising and wide spread publicity of the marks in the State of California.

62. As a result of Plaintiff's trademarks' substantial inherent and acquired distinctiveness, extensive use in the State of California, and the extensive advertising and publicity of the marks in the State of California, Plaintiff's trademarks have become strong and are widely renown.

63. The actions of Defendants complained of herein are likely to injure the business reputation and dilute the distinctive quality of Plaintiff's trademarks which are famous.

64. The foregoing acts of Defendants constitute dilution and injury to business reputation in violation of Section 14330 of the California Business and Professions Code.

65. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

66. By reason of the foregoing, Plaintiff is being damaged by Defendants' unauthorized and illegal use of Plaintiff's trademarks in the manner set forth above

BLAKELY LAW GROUP
915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401
TLJ

and will continue to be damaged unless Defendants are immediately enjoined under Section 14330 of the California Business and Professions Code from using any of Plaintiff's trademarks.

67. Plaintiff will be irreparably injured by the continued acts of Defendants, unless such acts are enjoined.

68. Plaintiff has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

**(Unjust Enrichment)**

69. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

70. The acts complained of above constitute unjust enrichment of Defendants at Plaintiff's expense, in violation of the common law of the State of California.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter judgment in its favor and against Defendants as follows:

A. Granting temporary, preliminary and permanent injunctive relief restraining Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from: (1) using any of Plaintiff's trademarks or committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Plaintiff; (2) otherwise infringing Plaintiff's registered and common law family of marks; (3) otherwise diluting Plaintiff's family of marks; and (4) unfairly competing with Plaintiff.

B. Awarding actual damages suffered by Plaintiff as a result of Defendants' acts;

/ / /

BLAKELY LAW GROUP
915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401
TLJ

C. Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

D. Ordering Defendants to disgorge their profits;

E. Awarding Plaintiff all of Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. §1117(a);

F. Awarding treble damages in the amount of Defendants' profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. §1117(b);

G. Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. §1117(b);

H. Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1117(c).

I. Awarding Plaintiff such other and further relief as the Court deems just and proper.

DATED: June 27, 2008 BLAKELY LAW GROUP

By: ______________________
Brent H. Blakely
Cindy Chan
***Attorneys for Plaintiff***
***Coach Services, Inc.***

///

///

///

///

///

///

BLAKELY LAW GROUP
915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401
TLJ

BLAKELY LAW GROUP
915 NORTH CITRUS AVENUE
HOLLYWOOD, CALIFORNIA 90038-2401
TLJ

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all claims in this litigation.

DATED: June 27, 2008 BLAKELY LAW GROUP

By: ______________________________
Brent H. Blakely
Cindy Chan
***Attorneys for Plaintiff***
***Coach Services, Inc.***

**UNITED STATES**
**DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 152829 - TC**

**July 10, 2008**
**09:26:27**

**Civ Fil Non-Pris**
USAO #.: 08CV1231
Judge..: JANIS L. SAMMARTINO
Amount.: $350.00 CK
Check#.: BC2381

**Total-> $350.00**

FROM: COACH SERVICES
VS.
ELVA'S PERFUMES

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED 08 JUL 10 AM 9:E4 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY: EQ DEPUTY

**I. (a) PLAINTIFFS**
Coach Services, Inc.

**(b)** County of Residence of First Listed Plaintiff Maryland
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
BLAKELY LAW GROUP, 915 North Citrus Avenue, Hollywood, CA 90038-2401, T:(323) 464-7400, F:(323) 464-7410; see attached

**DEFENDANTS**
Elva's Perfumes aka Perfumes and Costumes Originales; Elva Salido; Robert Francis; Alma Estrada; Francisco Villa-Lozano

County of Residence of First Listed Defendant Imperial County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) '08 CV 1231 JLS JMA

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☒ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
15 USC 1114 and 1125

Brief description of cause:
Trademark infringement under Lanham Act

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** 100,000.00
CHECK YES only if demanded in complaint: **JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 07/02/2008 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 152829 AMOUNT $350 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

TAC 7/10/08



Attachment to Civil Cover Sheet

I. (c) Attorney's (Firm Name, Address, and Telephone Number)
Brent H. Blakely (SBN 157292)
Cindy Chan (SBN 247495)